# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. MICHAEL DAVID JACKSON, *Defendant.* | Case No. CR-20-108-RAW |

## ORDER

Before the court is Defendant's motion to dismiss Counts four, five, and/or six of the Indictment due to multiplicity [Docket No. 38] and the Government's response thereto [Docket No. 39]. Defendant has been charged with the following six counts:

(1) aggravated sexual abuse in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(A);
(2) abusive sexual contract with a child under 12 years in violation of 18 U.S.C. §§ 1151, 1153, 2244(a)(5), and 2246(3);
(3) aggravated sexual abuse in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(A);
(4) sexual exploitation of a child/use of a child to produce a visual depiction in violation of 18 U.S.C. §§ 2251(a) and 2251(e);
(5) possession of certain material involving the sexual exploitation of a minor in violation of 18 U.S.C. §§ 1151, 2252(a)(4)(A), and 2252(b); and
(6) possession of certain material involving the sexual exploitation of a minor in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

Defendant argues that Counts four, five, and six all relate to one alleged visual depiction. He further argues that one visual depiction can result in only one conviction and sentence, and that therefore, these three Counts of the Indictment are multiplicitous. Defendant maintains that Counts five and six are alternate theories, either of which is a lesser included offense of Count four.

The Government informs the court that Defendant is incorrect in his claim that Counts four, five, and six relate to one visual depiction only. The counts relate to various visual depictions, some of which could potentially form the basis for all three Counts, some of which could form the basis for Counts five or six only.

The Government further argues, and the court agrees, that the Counts are not multiplicitous, as the elements it must prove for Counts four, five, and six are unique. *See United States v. Mier-Garces*, 967 F.3d 1003, 1012 (10th Cir. 2000) (citing *Blockburger v. United States*, 284 U.S. 299 (1932) ("The *Blockburger* test involves a legal analysis focused on the elements of the separate statutes."). The Government points out that the Tenth Circuit, in *Mier-Garces*, recently reaffirmed a long line of cases recognizing the *Blockburger* test. Under the "same-elements test," the court "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Id*.

The Government also argues that possession of child pornography is not a lesser included offense of the sexual exploitation of a child. The court agrees that while a person who produces child pornography often also possesses it, that is not always the case.

Finally, the Government maintains that any multiplicity issues can be remedied with a proper jury instruction and/or at sentencing by proceeding only on the greatest offense and dismissing any remaining multiplicitous Counts. "[M]ultiplicity is not fatal to an indictment." *United States v. Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012). After the evidence in this case, should the court determine that Counts five and six are multiplicitous, a proper jury instruction should remedy any confusion. Moreover, any multiplicitous convictions will be addressed at sentencing.

Accordingly, Defendant's motion to dismiss Counts four, five, and/or six of the Indictment due to multiplicity [Docket No. 38] is hereby DENIED.

**IT IS SO ORDERED** this 24th day of May, 2021.

*Ronald A. White*

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**